**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Chief Judge Daniel D. Domenico**

Civil Action No. 1:26-cv-02362-DDD-KAS

CESAR LUIS ONTON CHATE,

Petitioner,

v.

MARKWAYNE MULLIN, Secretary of the Department of Homeland Security;
TODD BLANCHE, Attorney General of the United States;
GEORGE VALDEZ, Director of the Denver Field Office; and
JUAN BALTAZAR, Warden of the Denver Contract Detention Facility,

Respondents.[1]

---

## ORDER DENYING WRIT OF HABEAS CORPUS

---

Petitioner Cesar Luis Onton Chate seeks a writ of habeas corpus directing his release from immigration detention or a bond hearing before an immigration judge. Doc. 1. For the following reasons, his request is denied.

## BACKGROUND[2]

The petitioner is a native and citizen of Peru. Doc. 1 at 4; Doc. 10-1 at 2. He entered the United States in September 2009 on an H-2A visa, and on October 15, 2015, he was granted an adjustment of status to

[1] To the extent that any of the original respondents has ceased to hold office during the pendency of this action, that party's successor "is automatically substituted as a party," and "any misnomer not affecting the parties' substantial rights must be disregarded." Fed. R. Civ. P. 25(d).

[2] In this Order, pinpoint citations to the record use the blue page number appended by the Court's Electronic Case Filing system at the top of each page, which may differ from a document's internal pagination.

Lawful Permanent Resident. Doc. 1 at 4; Doc. 1-3 at 115; Doc. 10-1 at 2. In 2023, the petitioner pleaded guilty to and was convicted of two counts of attempted forcible sexual abuse in Utah state court, based on conduct that occurred in 2017.[3] Doc. 1 at 7-8 & n.1; Doc. 1-3 at 56-57, 59-62, 77-101, 115; Doc. 10-1 at 2. The two victims were fourteen years old at the time of the petitioner's conduct. *See* Doc. 1-3 at 59, 61, 87, 97, 104-05, 113, 120.

On August 4, 2025, Immigration and Customs Enforcement arrested the petitioner pursuant to a warrant, and on August 5, 2025, the Department of Homeland Security issued a Notice to Appear, initiating removal proceedings under 8 U.S.C. § 1229a. Doc. 1 at 6; Doc. 1-3 at 115-18; Doc. 10-1 at 2-3. The petitioner was charged with deportability under 8 U.S.C. § 1227(a)(2)(A)(ii) for being "convicted of two crimes involving moral turpitude[] not arising out of a single scheme of criminal misconduct," and under Section 1227(a)(2)(E)(i) for being "convicted of . . . a crime of child abuse." Doc. 1-3 at 115, 120; Doc. 10-1 at 2-3. In connection with his removal proceedings, the petitioner has filed an I-485 application for "readjustment of status." Doc. 1 at 6; Doc. 10-1 at 4.

The petitioner has remained in immigration detention since his arrest in August 2025, and he is detained under 8 U.S.C. § 1226(a). Doc. 10-1 at 2. On November 7, 2025, at the petitioner's request, an immigration judge conducted a bond hearing. *Id.* at 4; Doc. 11 at 2; Doc. 1

---

3 According to the petitioner, "the incident occurred while teaching a Peruvian dance where interactive touch could be misconstrued." Doc. 1 at 7; *see also, e.g.*, Doc. 1-2 at 3; Doc. 1-3 at 104-05, 113 (social worker stating petitioner "was convicted of an offense that was questionable by any reasonable standard," and he "agreed to a guilty plea so as not to risk separation from his wife and children"). The petitioner served 120 days in jail, paid all his fines, and has successfully completed thirty-six months of probation without any incidents. Doc. 1 at 7. He has no other criminal history aside from minor traffic violations. *Id.* at 7-8.

at 11. The IJ found that the petitioner is a danger to the community and denied release on bond. Doc. 10-1 at 4; Doc. 1 at 19-20. The petitioner did not appeal the IJ's decision to the Board of Immigration Appeals. Doc. 10-1 at 4.

On November 12, 2025, the IJ sustained the charge of removability under Section 1227(a)(2)(E)(i). *Id.*; Doc. 1 at 6. The petitioner contends that this was legal error because the Utah statute he was convicted under applies to victims "14 years old or older," Utah Code Ann. § 76-5-404, and therefore does not meet the federal definition of a "crime of child abuse" under applicable Supreme Court and BIA precedent.[4] Doc. 1 at 16-19; Doc. 11 at 7-9. The IJ has not yet adjudicated the petitioner's application for readjustment of status, so his removal proceedings remain pending. Doc. 1 at 6; Doc. 10-1 at 4. The petitioner's case was set for an individual hearing on September 22, 2026. Dep't of Just. Exec. Office for Immigr. Rev., *Automated Case Information*, https://acis.eoir.justice.gov/en (last visited Sept. 22, 2026) (allowing search by A-number).

The petitioner has now been detained for nearly fourteen months, and he contends that his prolonged detention without a second bond hearing violates (1) his Fifth Amendment right to due process, and (2) the Eighth Amendment prohibition against excessive bail. *See* Doc. 1 at 8-21; Doc. 11 at 2-9.

## LEGAL STANDARD

An application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 "is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from

4 According to the petitioner, the IJ has since called for further briefing on this issue. Doc. 11 at 7.

illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973); *see also McIntosh v. U.S. Parole Comm'n*, 115 F.3d 809, 811 (10th Cir. 1997). Habeas corpus relief may be granted if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to hear statutory and constitutional challenges to immigration detention. *See Demore v. Kim*, 538 U.S. 510, 516-17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001); *Sierra v. INS*, 258 F.3d 1213, 1217-18 (10th Cir. 2001).

## DISCUSSION

### I. Statutory Framework Governing Petitioner's Detention

A noncitizen "may be arrested and detained pending a decision on whether [he] is to be removed from the United States." 8 U.S.C. § 1226(a). Except for certain criminal noncitizens, those who are arrested and detained under Section 1226(a) may be released on bond or "conditional" parole. 8 U.S.C. § 1226(a) & (c). Regulations provide that designated DHS officers may, in their discretion, release a noncitizen who is not subject to mandatory detention, "provided that the alien must demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." 8 C.F.R. §§ 236.1(b)(1) & (c)(8), 1236.1(b)(1) & (c)(8); *see also* 8 C.F.R. § 287.5(e)(2); *Johnson v. Guzman Chavez*, 594 U.S. 523, 527 (2021).

A noncitizen generally may appeal the DHS officer's initial custody determination to an IJ, and may appeal the IJ's custody redetermination to the BIA. 8 C.F.R. §§ 236.1(d), 1236.1(d), 1003.19; *see also Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018); *Guzman Chavez*, 594 U.S. at 527-28. A noncitizen may also request a subsequent bond redetermination from the IJ "upon a showing that [his] circumstances have

changed materially since the prior bond redetermination." 8 C.F.R. § 1003.19(e). Section 1226(a) and the accompanying regulations are silent as to which party has the burden of proof at a bond redetermination hearing before an IJ, but BIA precedent holds that the noncitizen bears the burden to demonstrate by a preponderance of the evidence that he is neither a danger to the community nor a flight risk. *In re R-A-V-P*, 27 I. & N. Dec. 803, 804 (B.I.A. 2020); *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022).

**II. Fifth Amendment Due Process**

As noted above, the petitioner received a bond hearing before an IJ on November 7, 2025; the IJ denied release on bond based on a finding that the petitioner is a danger to the community; and the petitioner did not appeal the IJ's decision to the BIA. The petitioner does not request review of the IJ's decision here, nor does he assert that his initial bond hearing was constitutionally inadequate.[5] *See* Doc. 11 at 2-3 (initial

[5] At the November 2025 bond hearing, the IJ presumably applied BIA precedent and placed the burden on the petitioner to demonstrate that he is not a danger to the community or a flight risk. There is a split of authority as to whether due process requires the burden to be placed on the government at the initial bond hearing. *Compare Rodriguez Diaz*, 53 F.4th at 1210-12 (placing burden on government not "constitutionally necessary"), *and Miranda v. Garland*, 34 F.4th 338, 358-66 (4th Cir. 2022) (placing burden on noncitizen "do[es] not violate the Constitution's Due Process Clause"), *and Basri v. Barr*, 469 F. Supp. 3d 1063, 1073-74 (D. Colo. 2020) ("[T]he Fifth Amendment clearly does not require the government to bear the burden of proof . . . ."), *and De La Cruz v. Baltazar*, No. 26-cv-00360-PAB, 2026 WL 439217, at *4 (D. Colo. Feb. 17, 2026) (declining to impose burden requirement), *with Hernandez-Lara v. Lyons*, 10 F.4th 19, 25 & n.2, 27-41 (1st Cir. 2021) ("[D]ue process requires the government to either (1) prove by clear and convincing evidence that [the noncitizen] poses a danger to the community or (2) prove by a preponderance of the evidence that she poses a flight risk."), *and Abanil v. Baltazar*, 817 F. Supp. 3d 1148, 1159-60 (D. Colo. 2026) ("[T]he weight of authority in this District is clear: it is the Government's burden to 'justify[] a noncitizen's continued detention at

bond hearing "has passed and is not at issue"). Instead, he contends that because he has now been detained for a prolonged period of time, he is entitled to a new bond hearing at which the respondents must bear the burden of proof to demonstrate by clear and convincing evidence that he is either a danger to the community or a flight risk. *See id.* at 2-4; Doc. 1 at 9-20.

There is a split of authority regarding whether, in the absence of materially changed circumstances,[6] due process requires that a noncitizen detained under Section 1226(a) be given a new bond hearing after detention has continued for some prolonged period of time. *Compare Borbot v. Warden*, 906 F.3d 274, 275-80 (3d Cir. 2018) (petitioner had been detained for fifteen months at time of district court's decision and thirty months at time of circuit's decision, but no authority "suggest[s] that duration alone can sustain a due process challenge by a detainee who has been afforded the process contemplated by § 1226(a) and its implementing regulations," and circuit "perceive[d] no problem" with burden remaining on detainee),[7] *with Velasco Lopez v. Decker*, 978 F.3d 842,

---

a bond hearing." (collecting cases)), *and Cano Esteban v. Doe*, No. 1:26-cv-03262-DDD, slip op. at 2-3 & n.1 (D. Colo. Aug. 14, 2026), ECF No. 12 (ordering government to bear burden pursuant to *Hernandez-Lara* when it declined to file response to habeas petition), *and Ochoa v. Mullin*, No. 26-cv-00968-PAB, 2026 WL 972344, at *2 (D. Colo. Apr. 10, 2026) (reconsidering *De La Cruz* and holding government must bear burden). The Tenth Circuit has not addressed this issue, and I need not address it here because the petitioner does not challenge the process he was provided at his initial bond hearing.

6 As noted above, the petitioner may request a new bond hearing in immigration court if his "circumstances have changed materially since [his initial] bond redetermination," 8 C.F.R. § 1003.19(e), and he would bear the burden of proof at such a hearing.

7 *See also Rodriguez Diaz*, 53 F.4th at 1203-14 (court declined to "consider the constitutional limits of prolonged immigration detention" but found no new bond hearing required where noncitizen had been detained for fourteen months at time of district court's decision and forty-

846, 850-57 (2d Cir. 2020) (after "unduly prolonged" fifteen-month detention, due process required new bond hearing at which government must show by clear and convincing evidence that noncitizen was danger to community or flight risk), *and L.G. v. Choate*, 744 F. Supp. 3d 1172, 1179-86 (D. Colo. 2024) (same). The Tenth Circuit has not addressed this issue.

I have considered the relevant Supreme Court and circuit authorities, and I am persuaded by those courts holding that due process does not require a new bond hearing for a noncitizen who has been detained under Section 1226(a) for a prolonged period of time. *See Borbot*, 906 F.3d at 275-80; *Rodriguez Diaz*, 53 F.4th at 1203-14. The petitioner here has received a bond hearing at which an immigration judge made an individualized determination that he is a danger to the community, and that is all the process he is due in these circumstances. *Cf. Demore*, 538 U.S. at 532-33 (Kennedy, J., concurring) (dangerousness is a rational, nonpunitive purpose for detention). This conclusion is consistent with non-precedential Tenth Circuit authority. *See Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012) (no constitutional problem where noncitizen had been detained under Section 1226(a) for forty months because removal was reasonably foreseeable, and detention is not indefinite while removal proceedings continue). It is also consistent with my prior

---

seven months at time of circuit's decision; "§ 1226(a)'s procedures satisfy due process, both facially and as applied," and "the duration of his detention, by itself, did not create a due process violation"); *Ali v. Brott*, 770 F. App'x 298, 301 (8th Cir. 2019) ("[W]e are skeptical of [the petitioner's] argument that his detention . . . under § 1226(a) is unconstitutional considering he was given a bond hearing and still has available procedural avenues to seek relief. The Supreme Court has never indicated the bond hearing process set forth in the statute and accompanying regulations is constitutionally deficient. To the contrary, Supreme Court precedent indicates such a framework is constitutionally permissible." (citation omitted)).

decisions holding that noncitizens subject to lengthy mandatory detention under 8 U.S.C. § 1226(c) or 8 U.S.C. § 1225(b) are not entitled to a bond hearing absent some unreasonable delay by the government in pursuing and completing removal proceedings. *See, e.g.*, *Orande Ahinsha Richards v. Choate*, No. 1:25-cv-03134-DDD-STV, 2025 WL 4474703, at *4 to *7 (D. Colo. Dec. 5, 2025) (nine-month detention under Section 1225(b)); *Doe v. Bondi*, No. 1:25-cv-02712-DDD-SBP, 2025 WL 3516292, at *4 to *9 (D. Colo. Nov. 4, 2025) (ten-month detention under Section 1225(b)); *Giraldo Nieto v. Ceja*, No. 1:24-cv-02821-DDD-NRN, 2025 WL 4087626, at *5 to *9 (D. Colo. June 12, 2025) (thirty-two month detention under Section 1225(b)); *Aguayo v. Martinez*, No. 1:20-cv-00825-DDD-KMT, 2020 WL 2395638, at *3 to *4 (D. Colo. May 12, 2020) (ten-month detention under Section 1226(c)); *see also Demore*, 538 U.S. at 531 ("Detention during removal proceedings is a constitutionally permissible part of that process."); *Banyee v. Garland*, 115 F.4th 928, 934 (8th Cir. 2024) ("back-and-forth rulings, plus general administrative backlogs" do not "turn otherwise legal detention into unconstitutional punishment"); *Soberanes v. Comfort*, 388 F.3d 1305, 1311 (10th Cir. 2004) (twenty-six month detention under 8 U.S.C. § 1231(a)(6) during pendency of judicial review process "has a definite and evidently impending termination point, and, thus, is more akin to detention during the administrative review process, which was upheld in *Demore*").

The petitioner is not entitled to habeas relief on the basis that his continued detention violates his Fifth Amendment right to due process.

**III. Eighth Amendment Excessive Bail**

The petitioner contends that his ongoing detention without a second bond hearing violates the Eighth Amendment prohibition against excessive bail. Doc. 1 at 20-21. But the petitioner "point[s] to no court that has treated the prohibition on excessive bail as categorically requiring

an opportunity for release within a specific amount of time," nor does he "provide any convincing reason to think that the Excessive Bail Clause would require a bond hearing when the Due Process Clause does not." *Reid v. Donelan*, 17 F.4th 1, 9 (1st Cir. 2021); *see also Bolante v. Keisler*, 506 F.3d 618, 619 (7th Cir. 2007) ("[T]he [Supreme] Court has never held that persons detained in civil proceedings, such as . . . removal[] proceedings, are entitled to release on bail." (citing *Carlson v. Landon*, 342 U.S. 524, 545-46 (1952)); *Dias-Ceja v. McAleenan*, No. 19-cv-00824-NYW, 2019 WL 2774211, at *12 (D. Colo. July 2, 2019) ("[T]o the extent that [the petitioner] is arguing that the Government categorically denied him bail under § 1226(a) due to his criminal history, this court lacks jurisdiction to review the substantive determinations of the IJ and BIA," and "to the extent that [he] is challenging the constitutionality of preremoval detention under § 1226(a), such a challenge has been implicitly foreclosed by the Supreme Court's determination in *Demore*.").

The petitioner is not entitled to habeas relief on the basis that his continued detention violates the Eighth Amendment prohibition against excessive bail.

## CONCLUSION

It is **ORDERED** that:

The Court's Order to Show Cause, Doc. 4, is **DISCHARGED**, and the Petition for a Writ of Habeas Corpus, **Doc. 1**, is **DENIED** and **DISMISSED WITHOUT PREJUDICE**;

Petitioner's Motion to Expedite Ruling on Petition for Writ of Habeas Corpus, **Doc. 12**, is **DENIED AS MOOT**;

Pursuant to Federal Rule of Civil Procedure 25(d), the Clerk of Court is **DIRECTED** to: (1) substitute George Valdez, Director of the Denver Field Office, in place of Respondent Kelei Walker, and (2) substitute

Juan Baltazar, Warden of the Denver Contract Detention Facility, in place of Respondent Johnny Choate; and

The Clerk of Court is **FURTHER DIRECTED** to enter final judgment and close this case.

DATED: September 23, 2026

BY THE COURT:

Daniel D. Domenico
Chief United States District Judge